IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JEFFREY A. HUGHLEY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-00856-CV-RK |
| | ) |
| PICK-N-PULL AUTO DISMANTLERS, | ) |
| KANSAS CITY, LLC, U-WRENCH-IT | ) |
| KANSAS CITY PROPERTIES, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's motion to remand. (Doc. 7.) The motion is fully briefed. (Docs. 7, 12, 16, 17.) After careful consideration, the motion is **GRANTED** and the case is **REMANDED** to the Circuit Court of Jackson County, Missouri.

### Background

As way of background, Plaintiff originally filed this case in state court on August 28, 2019, for personal injuries he sustained while on property located at 8012 E. Truman Road, Jackson County, Missouri ("the property"). (Doc. 1-1.) Plaintiff alleges the property was owned by Defendant U-Wrench-It Kansas City Properties, LLC ("U-Wrench-It"). (*Id.*) Plaintiff also alleges the property was possessed and operated by Defendant Pick-N-Pull Auto Dismantlers, Kansas City, LLC ("Pick-N-Pull"). (*Id.*) Both defendants were then served on September 25, 2019. (Doc. 7-2.) Pick-N-Pull timely filed its notice of removal on October 25, 2019. (Doc. 1.) In the notice of removal, Pick-N-Pull stated, "[a]t the present time, because no counsel for U-Wrench-It has entered their appearance in this case, counsel for Pick-N-Pull is unable to secure U-Wrench-It's consent to remove this action to federal court." (*Id.*) On November 7, 2019, Plaintiff filed his motion to remand, noting U-Wrench-It's lack of consent. (Doc. 7.) Then, on November 20, 2019, U-Wrench-It filed a Notice of Consent to Removal. (Doc. 11.)

### Legal Standard

"[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds

$75,000. 28 U.S.C. §§ 1332(a) and 1441(a). A notice of removal must be filed within thirty days of the defendant's receipt of the initial pleadings. 28 U.S.C. § 1446(b)(1). Pursuant to 28 U.S.C. § 1446(b)(2)(A), each defendant must "officially and unambiguously consent to a removal petition filed by another defendant within 30 days of receiving the complaint." *Moore v. Federal Ins. Co.*, No. 06-0230-CV-W-REL, 2006 WL 1382330, at *2 (W.D. Mo. May 19, 2006) (citing *Adams v. Lederle Laboratories*, 569 F. Supp. 234, 243 (W.D. Mo. 1983)). After a defendant has filed a notice of removal in federal court, a plaintiff objecting to removal may file a motion to remand the case to state court within thirty days of the filing of the notice of removal. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).

## Discussion

Plaintiff contends remand is proper because U-Wrench-It failed to timely consent to Pick-N-Pull's notice of removal. (Doc. 17.) U-Wrench-It's Notice of Consent was filed 55 days after U-Wrench-It was served, well past the 30-day limit allowed by statute. Thus, U-Wrench-It did not timely consent to Pick-N-Pull's Notice of Removal.

Defendants do not dispute U-Wrench-It's consent was untimely. (*See* Doc. 16.) Rather, they argue U-Wrench-It's consent was unnecessary because U-Wrench-It is a nominal party. (*Id.*); *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002) (holding nominal parties need not join in a petition to remove). Defendants' argument is without merit. "[P]arties who have a real interest in the litigation, who are the subjects of a real cause of action, or who are otherwise necessary or indispensable parties will not be considered merely nominal or formal parties." *Mundle v. Linde*, LLC, No. 4:10 CV 2116 DDN, 2011 WL 1526965, at *2 (E.D. Mo. Apr. 20, 2011) (quoting *Fisher v. Dakota Cmty. Bank*, 405 F. Supp.2d 1089, 1095 (D.N.D. 2005)). Defendants argue U-Wrench-It is a nominal party because it has had minimal contact with the property for the last 15 years. (Doc. 16.) The Court finds this argument unpersuasive because even if U-Wrench-It has had minimal contact with the property, it is undisputed U-Wrench-It owns the property where the injury occurred. (Docs. 1-1, 16.) Plaintiff has pleaded, in Count II, violations of a Kansas City, Missouri Municipal Ordinance, which may apply to U-Wrench-It as the owner of the property. (Doc. 1-1.) Thus, it cannot be said U-Wrench-It has no real interest in the litigation.

Defendants also argue U-Wrench-It is a nominal party because Pick-N-Pull indemnified U-Wrench-It. (Doc. 16.) In particular, Defendants cite Pick-N-Pull's "response to

[U-Wrenc-It's] demand that Pick-N-Pull defend and indemnify U-Wrench-It[.]" (Doc. 16-2.) However, "[t]he mere fact that a defendant is indemnified . . . does not transform the indemnified defendant into a nominal party." *Mundle*, 2011 WL 1526965, at *2. Moreover, by the plain language of the letter, Pick-N-Pull reserves the right to refuse indemnity under certain circumstances. (Doc. 16-2.) Therefore, the Court is not persuaded U-Wrench-It is a nominal party, and their timely consent was required for proper removal.

## Conclusion

Accordingly, and after careful consideration, the Court finds U-Wrench-It did not timely consent to removal. As such, the requirements of 28 U.S.C. § 1446 have not been met. Therefore, Plaintiff's motion to remand is **GRANTED**. The case is **REMANDED** to the Circuit Court of Jackson County, Missouri.

                                                  s/ Roseann A. Ketchmark  
                                              ROSEANN A. KETCHMARK, JUDGE  
                                              UNITED STATES DISTRICT COURT

DATED: December 30, 2019